CRESPO ET AL., DEMANDANTES Y APELADOS, *v.* CRESPO ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre partición y división de herencia; moción para desestimar la apelación.

No. 3115.—Resuelto en noviembre 6, 1923.

DESESTIMACIÓN DE APELACIÓN—TÉRMINO PARA RADICAR LA TRANSCRIPCIÓN—NEGLIGENCIA DEL TAQUÍGRAFO.—En el presente caso, a petición del apelante, la corte concedió al taquígrafo una tercera prórroga para que entregara la transcripción, apercibiéndole de desacato; el día del vencimiento, 5 de diciembre de 1922, el apelante, si bien no solicitó nueva prórroga, urgió a la corte que usara de medios coercitivos para que el taquígrafo entregara lla transcripción, la cual quedó radicada tres días después. *Se resolvió:* que la petición de diciembre 5, 1922, equivale a una moción de prórroga, por lo que no procede desestimar la apelación bajo el fundamento de que la radicación fué extemporánea.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. A. García Ducós.

Abogados de los apelados: Sres. Benet & Souffront.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En lugar de presentar los apelantes una exposición del caso optaron porque el taquígrafo hiciera la transcripción

de la evidencia y a su instancia la corte fijó al taquígrafo el término de 20 días para ese trabajo. Próximo a vencer este término los apelantes pidieron a la corte que concediera a dicho funcionario una prórroga y le fué dada de 60 días. No habiendo sido hecho ese trabajo por el taquígrafo, antes de vencer dicha prórroga los apelantes pidieron a la corte que compeliera al taquígrafo para que hiciera la transcripción, disponiendo entonces la corte que se requiriese a dicho funcionario para que la entregara en término de 20 días, apercibido de desacato. Este nuevo término vencía el 5 de diciembre, 1922, en cuyo día los apelantes presentaron moción a la corte haciendo constar que el taquígrafo no había cumplido con la orden que se le dió y pidieron que usara de los medios coercitivos procedentes. Tres días después fué presentada la transcripción sin que la corte llegara a resolver sobre la última moción.

En vista de tales hechos los apelados solicitan la desestimación de la apelación fundándose en que la transcripción se presentó después del 5 de diciembre en que vencieron las prórrogas concedidas al taquígrafo sin que se hubiera solicitado en término nueva prórroga.

Si bien los apelantes no pidieron formalmente a la corte antes del 5 de diciembre una nueva prórroga para el taquígrafo, su petición hecha en dicho día de que usara de los medios coercitivos procedentes para que éste hiciera entrega de la transcripción equivale a dicha petición de prórroga hasta que les fuera entregada la transcripción, pues por tal petición se intentaba obtener la transcripción a que tenían derecho, de acuerdo con la ley No. 27 de 27 de noviembre de 1917, y por tanto la presentación de la transcripción tres días después del 5 de diciembre no puede considerarse como extemporánea; ni puede tener influencia alguna en contra de los apelados el hecho de que la corte no dictara resolución alguna sobre la última petición que le hi-

cieron, quizás porque el día 8 estaba ya cumplida la orden que se trataba de hacer efectiva.

Por las razones expuestas la moción de desestimación debe ser negada.

*Sin lugar la moción.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.